# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 21, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * | | |
| MORGAN TIRONE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-869V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * | | |

Mark Sadaka, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On June 19, 2018, Morgan Tirone ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that she suffered from injuries, including Guillain-Barré acute infective polyneuritis, demyelinating neuropathy, post-vaccination syndrome, post-vaccination fever, and/or serum sickness as a result of receiving the meningococcal ("Menactra") vaccine and

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

pneumococcal conjugate ("Prevnar 13") vaccine on June 29, 2015.[3]  Petition at Preamble (ECF No. 1).  On February 26, 2025, the undersigned issued a decision dismissing Petitioner's case.  Decision dated Feb. 26, 2025 (ECF No. 145).

On April 11, 2025, Petitioner filed an application for attorneys' fees and costs.  Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed Apr. 11, 2025 (ECF No. 148).  Petitioner requests compensation in the amount of $42,460.65, representing $34,571.70 in attorneys' fees and $7,888.95 in costs.  Id. at 4.  Respondent filed his response on April 17, 2025, stating he "defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 17, 2025, at 2 (ECF No. 149).  Petitioner filed a reply on April 21, 2025, reiterating his request for attorney fees and costs.  Pet. Reply to Resp. Response, filed Apr. 21, 2025 (ECF No. 150).  The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Mark Sadaka, $444.00 per hour for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, $532.00 per hour for work performed in 2024, and $627.00 per hour for work performed in 2025.  Petitioner also requests rates between $172.00 and $212.00 per hour for work of his counsel's paralegal from 2021-2025.

The undersigned finds the rates are largely consistent with what counsel have previously been awarded for their Vaccine Program work, and finds the rates from 2021 to 2024 to be reasonable herein.  Additionally, the undersigned finds the 2025 paralegal rate is consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2025 and is reasonable, and will thus award this 2025 rate.

However, a reduction for Mr. Sadaka's 2025 rate is necessary.  Mr. Sadaka's request for $627.00 per hour is outside the range for attorneys with 20-30 years of experience.  Given Mr. Sadaka's experience, the undersigned finds $562.00 per hour to be a reasonable and appropriate rate for work performed by Mr. Sadaka in 2025.  As such, this results in a reduction of $396.50.[4]

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable.  Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

---

[3] Petitioner subsequently modified her alleged injuries to fibromyalgia.  Petitioner's Exhibit ("Pet. Ex.") 15 at 2 ("[Petitioner] develop[ed] [FM] as a result of over-doctoring and lack of counseling."); Pet. Ex. 48 at 1 ("I believe her diffuse complaints [of pain] are consistent with a pain threshold disorder of which [FM] is the most likely candidate."); Pet. Motion for Ruling on the Record ("Pet. Mot."), filed Dec. 20. 2023, at 6-13 (ECF No. 129) (arguing Petitioner's FM was the result of vaccination); Pet. Reply to Respondent's Response to Pet. Mot. ("Pet. Reply"), filed June 12, 2024, at 1 (ECF No. 140) ("The parties agree . . . that [Petitioner] ultimately suffered from [FM].").

[4] ($627.00 - $562.00) x 6.1 hours = $396.50.

2

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS IN PART** Petitioner's motion for attorneys' fees and costs.

**Accordingly,**

**Petitioner is awarded attorneys' fees and costs in the total amount of $42,064.15, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.